IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNETH HAMILTON, # R12594, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No. 19-CV-0450-SMY |
| vs. | ) ) | |
| THE BANTRY GROUP CORP., WEXFORD HEALTH SOURCES, INC., ROBERT MUELLER, DAVE STOCK, DON, SARAH ELLIOTT, VERA M. ROLLINS, SUSAN WALKER, DEBBIE KNAUER, JOHN BALDWIN, CENTRALIA HEALTH CARE ADMINISTRATORS, VENERIO SANTOS, JANE DOES, JOHN DOES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kenneth Hamilton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at East Moline Correctional Center ("East Moline"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that he has not received adequate medical care for his allergy to wool blankets, and that administrative responses to his issue have been lacking. He seeks adequate medical care, damages, a permanent order in his prison file that he be provided with cotton blankets, and "any other relief the Court sees fit."

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff arrived at Centralia Correctional Center ("Centralia") in October of 2016 after a stay at Shawnee Correctional Center (Doc. 1 at 19-20). On November 20, 2017, Plaintiff filed a grievance asking for a non-wool blanket because he alleged that he had a documented allergy to wool (Doc. 1 at 11).

Plaintiff's "wool allergy" grievance was not handled properly at all stages of the grievance process. Plaintiff's counselor, Defendant Rollins, did not deem his grievance a medical emergency (*Id.* at 9). Rather than considering it a medical emergency or simply ordering Plaintiff a wool blanket, Rollins responded that since his arrival at Centralia, Plaintiff had not seen healthcare about itching or a rash, but he could do so or purchase a non-wool blanket from the commissary (*Id.* at 9-10). Grievance officer, Defendant Susan Walker, agreed with Rollins and added that there were no wool allergy test results in Plaintiff's file (*Id.* at 10). Walker recommended that the grievance be denied and that any medical determinations be left to the healthcare personnel (*Id.*).

According to Plaintiff, a prisoner can file a medical emergency grievance directly with the Warden, who is then obligated to review it for a substantial risk of harm and to respond in writing (*Id.* at 11). A warden may, from time to time, delegate his duties during a temporary absence or emergency, but there shall not be permanent delegation (*Id.*). Despite this delegation structure,

2

Defendant Warden Robert Mueller routinely designated others to review and sign all grievances (*Id.*).

On December 4, 2017, Defendant Dave Stock wrote a memorandum ordering that Plaintiff be provided with a cotton blanket and directing that the memorandum be sent to any future housing unit upon relocation (*Id.* at 11-12). The memo was placed in Plaintiff's medical file (*Id.*). Despite the memorandum, Plaintiff lodged his grievances with the Administrative Review Board ("ARB") on December 18, 2017 (*Id.* at 12). Rather than tackle the substance of Plaintiff's grievance, Defendant Debbie Knauer parroted earlier responses and stated that he could request assistance from the healthcare unit as needed (*Id.*). On December 20, 2017, John Baldwin signed the appeal, endorsing previous responses (*Id.*).

Plaintiff's wool allergy is a long-term condition capable of producing serious complications (*Id.*). Rather than treating it as such, nonmedical prison officials unreasonably relied upon medical personnel who were providing an insufficient response to Plaintiff's condition (*Id.* at 12-13). As a result, Plaintiff was forced to suffer cold nights with the cover of only a sheet (*Id.*).

In support of his Complaint, he appended the grievances he submitted at Centralia regarding his need for a cotton blanket (*Id.* at 19-28). Plaintiff seeks injunctive relief in the form of a cotton blanket for the rest of his time in the IDOC (*Id.* at 14). He asserts that without the accommodation, he will suffer irreparable harm in the form of pain and suffering from a swollen tongue, face, and feet (*Id.* at 15).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference by Defendants Rollins and Walker for their insufficient review of Plaintiff's**

>     **grievance.**
>
> **Count 2:** **Eighth Amendment deliberate indifference by Mueller for delegating his responsibility to review grievances and blindly endorsing other's recommendations.**
>
> **Count 3:** **Eighth Amendment deliberate indifference by Defendants Knauer and Baldwin for their response to Plaintiff's grievance appeal.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

## Preliminary Dismissals

Although named as Defendants, there are no allegations in the statement of claim against The Bantry Group Corp., Wexford Health Sources, Inc., Don, Sarah Elliott, Centralia Health Care Administrators, Venerio Santos, Jane Does, and John Does. Plaintiff is required to associate specific Defendants with specific claims, so that Defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Where a Plaintiff has not included a Defendant in his statement of the claim, the Defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential Defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("plaintiff cannot state a claim against a defendant by including the defendant's name in the caption"). Further, individuals cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to section 1983

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Defendants The Bantry Group Corp., Wexford Health Sources, Inc., Don, Sarah Elliott, Centralia Health Care Administrators, Venerio Santos, Jane Does, and John Does will be dismissed without prejudice.

Plaintiff also names Dave Stock as a Defendant. The only mention of Stock in the statement of claim, however, is that he authored the December 4, 2017 memorandum notifying the clothing room that Plaintiff was authorized to have a cotton blanket (Doc. 1, pp. 11-12, 25). There is no suggestion that Stock is responsible for allegedly violating Plaintiff's constitutional rights. Therefore, he too will be dismissed without prejudice.

## Discussion

### Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of inmates and imposes an obligation upon prison officials to provide them with adequate medical care for serious medical conditions. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). An Eighth Amendment claim for the denial of medical care has an objective and a subjective component. The objective component requires an inmate to demonstrate that he suffers from an "objectively, sufficiently serious" medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A condition is considered sufficiently serious if the failure to treat it could result in the unnecessary and wanton infliction of pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective component requires the plaintiff to demonstrate that each individual defendant responded to his serious medical condition with deliberate indifference. This occurs when an official "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. The doctrine of *respondeat superior* is

inapplicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, liability hinges on personal responsibility for the deprivation of a constitutional right. *Id*. at 740 (citation omitted).

Here, Plaintiff alleges that Defendants Rollins and Walker reviewed his complaints, encouraged him to use medical care if he had an allergic reaction, and suggested he could purchase a cotton blanket. An inmate is not entitled to receive the response that *he deems sufficient* in order for prison officials to diligently monitor his needs. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) (an official is not deliberately indifferent simply because a prisoner does not like the care offered); *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (a prisoner is not entitled to the care of his choosing). Moreover, a non-medical prison official does not exhibit deliberate indifference simply because he or she delegates responsibility to another person in the prison to address an issue; a non-medical official may defer to the skills and judgment of the medical unit to treat a medical condition. *Greeno,* 414 F.3d at 655-56. Accordingly, Count 1 will be dismissed against both Defendants.

**Count 2**

Plaintiff seeks to hold Warden Mueller liable for his handling of grievances because he delegated authority to review grievances to other individuals. But because prisoners are not entitled to a grievance system at all, delegation within the system cannot be said to violate their rights. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008), *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Further, there is no indication that Mueller's delegation of authority caused Plaintiff any harm as Plaintiff does not allege that Mueller's actions resulted in a delay in him being provided a cotton blanket. By the time the Warden dealt with the grievance on December 11, 2017, Plaintiff's file already contained a memorandum directing that he be provided

with a cotton blanket. (Doc. 1 at 21). Thus, Plaintiff has failed to state a viable claim against Mueller and Count 2 will be dismissed.

**Count 3**

Plaintiff alleges that Debbie Knauer of the Administrative Review Board, and John Baldwin, the Director of IDOC, were deliberately indifferent in their responses to his grievance appeal. As previously noted, these individuals can only be liable if they personally took actions that exhibited deliberate indifference to Plaintiff's needs. Knauer and Baldwin were not deliberately indifferent by reviewing the actions taken at the institutional level and indicating that the healthcare unit had the issue sufficiently under control. They responded to Plaintiff's grievance in a timely fashion and did not ignore a blatantly harmful situation. Accordingly, Count 3 will be dismissed.

**Motion for Recruitment of Counsel**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Plaintiff did not submit any documentation showing that he has made efforts to retain counsel. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has no legal education and a limited knowledge of the law. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. His pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review. Count 1 is **DISMISSED** without prejudice against Defendants Rollins and Walker. Count 2 is **DISMISSED** without prejudice against Defendant Mueller. Count 3 is **DISMISSED** without prejudice against Defendants Knauer and Baldwin. Additionally, Defendants The Bantry Group Corporation, Wexford Health Sources, Inc., Dave Stock Don, Sarah Elliott, Centralia Health Care Administrators, Venerio Santos, Jane Does, and John Does are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendants named in the Complaint as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

Plaintiff has not sufficiently pled any claims to proceed beyond screening. If Plaintiff wishes to pursue his claims, he must file a First Amended Complaint identifying who violated Plaintiff's constitutional rights by name and describing how Plaintiff's rights were violated. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the act(s) or omission(s) of each Doe defendant (*e.g.* John Doe #1 did X and John Doe #2 did Y).

Therefore, **IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before September 5, 2019. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this

8

Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "First Amended Complaint," and state the case number, 19-cv-00450-SMY. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P.

41(b).

**IT IS SO ORDERED.**

**DATED: AUGUST 6, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**