**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

<table>
<tr><td>

**KENNETH HAMILTON,**<br>**# R12594,**<br><br>        **Plaintiff,**<br><br>**vs.**<br><br>**VENERIO SANTOS, and**<br>**WEXFORD HEALTH SOURCES, INC.,**<br><br>        **Defendants.**

</td>
<td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td>
<td>

**Case No. 19-CV-0450-SMY**

</td>
</tr>
</table>

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kenneth Hamilton, an inmate of the Illinois Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that while he was incarcerated at Centralia Correctional Center, he did not receive adequate medical care for injuries due to his allergy to wool blankets. (Doc. 8). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint[1] under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc 8): Plaintiff was

---

[1] The Complaint did not survive § 1915A review and was dismissed without prejudice with leave to file an Amended Complaint. (Doc. 7).

issued a wool blanket despite an allergy to wool. He met with Dr. Venerio Santos several times seeking treatment for complications due to his wool blanket allergy. He showed Dr. Santos rashes and blisters on his body caused by the wool blanket. Dr. Santos did not prescribe any medication for the rashes, blisters, or pain.

Plaintiff filed a grievance describing his allergy to wool blankets and requesting a cotton blanket or any other a non-wool blanket. His grievance was ignored and/or mishandled by Rollins, Walker, and Mueller. However, Assistant Warden of Programs Dave Stock wrote a memorandum ordering that Plaintiff be provided with a cotton blanket. Despite this directive, it took weeks for Plaintiff to receive a cotton blanket.

Plaintiff forwarded his grievance to the Administrative Review Board ("ARB"). ARB member Debbie Knauer parroted the responses to his grievance provided at the institutional level and stated he could request assistance from the healthcare unit as needed. John Baldwin signed off on the ARB's response.

### Preliminary Dismissals

Although named as a defendant, there are no allegations in the statement of claim against Wexford Health Sources, Inc. Under Federal Rule of Civil Procedure 8, a Complaint must include a short, plain statement of the case against each defendant. Merely naming a party in the caption of a Complaint is not sufficient to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendant Wexford Health Sources, Inc. will be dismissed without prejudice.

Additionally, Plaintiff makes allegations against ARB member Debbie Knauer, IDOC Director John Baldwin, Rollins, Walker, and Mueller, but those individuals are not identified as defendants in the case caption. The Court will not treat individuals not listed in the caption as

defendants, and any intended claims against those individuals are considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following single Count:[2]

> **Count 1:** **Eighth Amendment claim against Dr. Santos for exhibiting deliberate indifference to a serious medical need related to Plaintiff's wool blanket allergy.**

Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Dr. Santos.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** will proceed against **Defendant Venerio Santos**. Defendant Wexford Health Sources Inc. is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a party.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Defendant Venerios Santos**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk

---

[2] **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 1, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**


### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**