UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNETH HAMILTON, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| vs. | ) Case No. 3:19-cv-00450-GCS |
| VENERIO SANTOS, | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Kenneth Hamilton first brought suit against Defendant Santos on August 21, 2019 pursuant to 42 U.S.C. § 1983. (Doc. 1). At that time, Plaintiff was incarcerated in the custody of the Illinois Department of Corrections ("IDOC"). On May 11, 2020, the Court entered a scheduling order requiring Plaintiff to submit his initial disclosures by July 13, 2020. (Doc. 26). During that time, Plaintiff was released from the custody of the IDOC. Though he filed a change of address with the Court, he did not submit his initial disclosures to Defendant. *See* (Doc. 29). Defendant notified Plaintiff that he had not received Plaintiff's initial disclosures on August 6, 2020. (Doc. 33, Exh. A).

Defendant mailed interrogatories and requests for production to Plaintiff on August 19, 2020. (Doc. 33, Exh. B). However, Plaintiff failed to respond until November 16, 2020, when he filed a motion for an extension of time to complete discovery. (Doc. 31). In his motion, Plaintiff claimed that he was not receiving mail from the post office. *Id*. The

Court granted an extension, thus bringing the new deadline to November 30, 2020. (Doc. 32). Nevertheless, Plaintiff failed to comply with this deadline. (Doc. 36, p. 2).

On January 7, 2021, Defendant filed a motion to compel or to dismiss for lack of prosecution. (Doc. 33). Plaintiff appeared at a March 8, 2021 hearing on the motion and stated that he would respond to Defendant's requests within seven days. (Doc. 35). The Court therefore granted the motion to compel and required that Defendant comply within seven days. *Id*. However, Plaintiff did not comply with the order compelling discovery. (Doc. 36, p. 2).

Defendant filed his second motion to dismiss for lack of prosecution on March 24, 2021. (Doc. 36). The Court directed Plaintiff to respond to the motion within thirty days of its filing; however, Plaintiff failed to comply. (Doc. 37). Despite the Court providing notice, Plaintiff failed to appear at the June 9, 2021 hearing on the motion to dismiss. (Doc. 38, 39). Accordingly, on June 11, 2021, the Court entered an order requiring Plaintiff, on or before July 11, 2021, to show cause in writing for his failure to appear. (Doc. 40). Plaintiff has not yet shown cause for his failure to appear, and the time to do so has now elapsed. Accordingly, Defendant's motion to dismiss for failure to prosecute is **GRANTED.**

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very

nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 160 cases pending before it. The expedient resolution of both this case, and the numerous other cases on the Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. *See* FED. R. CIV. PROC. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.* Although Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so, Plaintiff is nevertheless required to comply with Court orders, including the order to pay his initial filing fee. Accordingly, the Court **DISMISSES** this action **with prejudice** pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request the Court to review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request the Court to review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion must also comply with Rule

7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgement in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. *See* FED. R. APP. PROC. 4(a)(1)(B). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asks for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect

standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: July 13, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.07.13 15:50:48 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**